■ In the Matter of RICHARD N. SPARER, an Attorney. — Respondent is suspended from practice as an attorney and counselor at law in the State of New York pending final determination of the petition, effective November 10, 1983, and until the further order of this court. Concur — Murphy, P. J., Kupferman, Ross, Kassal and Alexander, JJ.

■ PARK WEST VILLAGE v BARBARA LEWIS. — Motion for leave to appeal to the Court of Appeals granted, as indicated in the order of this court (96 AD2d 810). Concur — Sandler, J. P., Sullivan, Ross, Silverman and Milonas, JJ.

# (November 15, 1983)

■ RICHARD M. NEWMAN, Respondent, v METRO-FIT CORPORATION et al., Appellants. — Judgment, Supreme Court, New York County (Tyler, J.) entered August 10, 1982, which, *inter alia*, awarded plaintiff damages totaling $6,086.35 on the third cause of action against defendants Profile, Metro-Fit, Dina Orr and Thomas Orr, modified, on the law, by limiting plaintiff's recovery on the third cause only to the unused portion of his dues together with interest as against defendant, Profile, and, as modified, the judgment should be affirmed, without costs. The appeal from the order of the Supreme Court, New York County (Tyler, J.) entered May 6, 1982, is dismissed as subsumed in the appeal from the judgment entered August 10, 1982, without costs. We agree with Special Term that defendant Profile Health Spa for Men, Inc. violated subdivision 5 of section 623 of the General Business Law by assigning plaintiff's contract to defendant Metro-Fit Corporation without his written consent. However, before the full development of the evidence at trial, we would not grant the exhaustive relief granted by Special Term on the third cause of action. Under subdivision 1 of section 628 of the General Business Law, we award damages on the third cause against defendant Profile. Plaintiff is entitled to recover the unused portion of his dues. For purposes of calculating those damages, we find that the unauthorized assignment occurred on May 15, 1981. It was also premature for Special Term to have held the defendant Orr and defendant Metro-Fit liable upon the third cause of action. The liability of those defendants upon the third cause and the other four causes should be determined at trial. Likewise, upon the conflicting evidence in the record, it was inappropriate for Special Term to impose (i) treble damages (General Business Law, § 628, subd 1), (ii) attorney's fees (General Business Law, § 628, subd 1), (iii) a fine (General Business Law, § 629) and (iv) disbursements. All those items of damage are stricken from the judgment but they may be considered as elements of damage against any defendants found liable after trial. Settle order. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Carro, JJ.